# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**BOBBY EDWARD WALKER**                                                       **PETITIONER**

**V.**                       **NO. 1:09CV147-B-D**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.**          **RESPONDENTS**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Bobby Edward Walker for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court *sua sponte* finds that the petition should be dismissed.

### A. Factual and Procedural Background

On June 11, 2009, Walker filed his petition in this court challenging a 2007 state court conviction for burglary. Walker included information in his petition which indicated he may not have exhausted state court remedies. In light of this, the court issued a "show cause order" on August 20, 2009. The order directed Walker to explain his failure to exhaust or provide additional contradictory information. A response was required within thirty days. Despite the order and the passing of thirty days, Walker has not responded.

### B. Exhaustion

It is well-settled that a state prisoner seeking habeas corpus relief in federal court must first exhaust available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v. Lundy*,

---

[1] 28 U.S.C. §2254 (b)(1) and (c) provide:

   (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-

455 U.S. 509 (1982). An applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254] if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, it is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all his claims in state court prior to seeking federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).

To satisfy this requirement, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Accordingly, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844.[2]

Given the absence of a response, the court finds that the Petitioner has not pursued or followed through with the pursuit of the remedies available to him in State court. Since Walker has not presented his claims to the State's highest court, this federal habeas petition is premature and will be dismissed without prejudice.

---

       (A) the applicant has exhausted the remedies available in the courts of the State; or
       (B)(i) there is an absence of available State corrective process; or
       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[2] Under Mississippi law, a defendant can challenge the revocation of his supervised release by filing a motion for post-conviction collateral relief in the trial court. *See* Miss. Code Ann. § 99-39-5; *Griffin v. State*, 382 So.2d 289, 290 (Miss. 1980) (an order revoking a suspended sentence or revoking probation is not appealable).

A final judgment in accordance with this opinion will be entered.

THIS the 29th day of September, 2009.

/s/ Neal Biggers

_____
NEAL B. BIGGERS
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI